IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Stephen J. Green,                          )
                                           )
                Plaintiff,                 )
                                           )          Civil Action No. 2:24-7085-BHH
v.                                         )
                                           )                    **ORDER**
Brian Stirling, et. al.,                   )
                                           )
                Defendants.                )
_____ )

      This matter is before the Court upon Plaintiff Stephen J. Green's ("Plaintiff" or "Green") pro se complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

      On April 2, 2025, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss certain Defendants from this action. (ECF No. 13.)  Specifically, the Magistrate Judge found that Plaintiff's claims against Defendants Nelson, Canning, Anderson, J. Holis, Stirling, SCDC, Williams, Patterson, and Davis are barred by the doctrine of *res judicata*.  (*Id.* at 14-18.) Accordingly, the Court recommended that the Court summarily dismiss these claims.  (*Id.* at 18.)  The Magistrate Judge authorized service of process as to the remaining Defendants.  (*Id.*)

      Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.  To

date, no objections have been filed.[1]

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's conclusion that Plaintiff's claims against Defendants Nelson, Canning, Anderson, J. Holis, Stirling, SCDC, Williams, Patterson, and Davis are barred by the doctrine of *res judicata*. . **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 13), and the Court dismisses Defendants**

---

[1] Plaintiff was transferred from South Carolina to the Illinois Department of Corrections on April 8, 2025. (ECF No. 20 at 1.) The Court re-mailed a copy of the Magistrate Judge's Report to Plaintiff in Illinois on April 16, 2025, and it has not been returned to the Court as undeliverable. (ECF No. 21.)

**Nelson, Canning, Anderson, J. Holis, Stirling, SCDC, Williams, Patterson, and Davis.**

This action remains pending as to the other Defendants.

      **IT IS SO ORDERED.**

                              /s/Bruce H. Hendricks
                              United States District Judge

May 2, 2025
Charleston, South Carolina