IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephen J. Green, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:24-cv-7085-BHH |
| v. ) | |
| ) | **ORDER** |
| Brian Stirling, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Stephen J. Green's ("Plaintiff") *pro se* complaint alleging violations of his constitutional rights. On August 21, 2025, Defendants filed motions to dismiss. (ECF Nos. 92, 93.) On August 25, 2025, Plaintiff filed a motion for temporary restraining order and/or preliminary injunction. (ECF No. 96.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to a United States Magistrate Judge for preliminary review.

On October 14, 2025, the Magistrate Judge issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court deny Defendants' motions to dismiss and Plaintiff's motion for temporary restraining order and/or preliminary injunction. (ECF No. 135.) In the Report, however, the Magistrate Judge also ordered Defendants to submit a status report, and it appears that Defendants have done so. (*Id.* at 29; ECF Nos. 142, 143.) Attached to the Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, no objections have been filed, and the Court has reviewed the record, the applicable law, and the findings of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 135), and the Court denies Defendants' motions to dismiss (ECF Nos. 92, 93) and denies Plaintiff's motion for temporary restraining order and/or preliminary injunction (ECF No. 96).**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

November 13, 2025
Charleston, South Carolina